IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **HOMESAFE, LLC,** | Case No.: |
| **Plaintiff,** | |
| vs. | JURY TRIAL DEMANDED |
| **CONSUMERS UNIFIED, LLC D/B/A/ CONSUMERAFFAIRS, CONSUMERAFFAIRS.COM HOLDINGS, LLC, CONSUMERS UNIFIED INSURANCE AGENCY LLC, and JOHN DOE** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Homesafe, LLC submits its Complaint for monetary damages and injunctive and declaratory relief against Defendants.

## INTRODUCTION

1. Homesafe is in the business of selling home warranties.

2. For the last couple years, Homesafe paid Defendant Consumer Unified, LLC per agreement for ads and leads on their website consumeraffairs.com but learned this year that Defendants' business model, which masquerades as an unbiased ranking and review website but is actually a pay-to-play system, is unlawful under federal law.

3. Homesafe decided to cease using those type of websites and terminated its relationship with Defendants.

4. As part of its termination, Homesafe asked Defendants to remove all references to Homesafe and use of the Homesafe trademark on the consumeraffairs website and then the parties could go their separate ways.

1

5. Defendants refused.

6. As a result, Homesafe filed this action for false advertising and unfair competition under the Lanham Act, 28 U.S.C. 1125(a), trademark infringement, breach of contract and for declaratory relief that the agreement to use the pay to play website is invalid because it is illegal.

7. Defendants are engaged in false advertising and unfair competition by using what appears to be an unbiased ranking and review website but which is in reality a pay-to-play website.

8. Because Defendants' entire scheme is unlawful, Homesafe's prior agreement with Defendants to use that website is illegal or, at best, Defendants breached that agreement.

9. Defendants' continuous and willful infringement of the Homesafe trademark and false advertising is detrimental and damaging to Homesafe.

10. Defendants' actions are causing significant damages, which will only continue to mount the longer this goes on.

## PARTIES

11. Homesafe is a Wyoming limited liability company with its principal place of business in Colorado, within this judicial district.

12. Defendant Consumers Unified, LLC is a Nevada corporation with its principal place of business in Oklahoma.

13. Defendant ConsumerAffairs.com Holdings, LLC is a Nevada corporation with its principal place of business in Nevada.

14. Defendant Consumers Unified Insurance Agency LLC is a Delaware corporation with its principal place of business in Oklahoma.

15. Defendants own and/or operate the website [www.consumeraffairs.com](www.consumeraffairs.com), wherein they generate significant revenue by fraudulently advertising Homesafe's competitors throughout

2

the United States, including in Colorado, while falsely purporting to provide honest and unbiased ratings and rankings of home warranty companies.

16. Defendant John Doe also owns and/or operates the website www.consumeraffairs.com and is being named because the domain name registration is not public and will have to be subpoenaed.

## JURISDICTION

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, because Homesafe asserts claims for trademark infringement, unfair competition, and false advertising under the Lanham Act and related contract related claims.

18. This Court has personal jurisdiction over Defendants because Defendants promote, and offer for sale, home warranties in this District using the Homesafe trademark. Additionally, this Court has personal jurisdiction over Defendants pursuant to the Colorado's Long Arm Statute. Specifically, Defendants' false advertising constitutes the commission of tortious actions within the State of Colorado that impacts or affects residents of the State of Colorado.

19. Venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391 because Defendants' misconduct complained of occurred within and caused harm in this District. Namely, at all relevant times, Defendants committed tortious acts within this District that impacts or affects residents of this District.

## FACTUAL ALLEGATIONS COMON TO ALL COUNTS

**A.  The Homesafe Trademark**

20. Homesafe owns and has used the trademark HOMESAFE in connection with the sale of home warranties for several years.

21. Homesafe uses the mark on the web and in print advertisements to market home warranties.

22. Homesafe has continuously used its mark to advertise, promote, distribute, and sell home warranties.

**B.   Defendants use the Homesafe trademark on their website**

23. Defendants feature the Homesafe mark on their website despite not having permission to do so,

24. While their use masquerades as just a review page, the fact is they use the Homesafe mark and other marks on their page to direct traffic to the website that primarily functions as a pay to pay play consumer lead referral platform.

25. That way when consumers search for Homesafe, consumeraffairs.com will pop-up as a generic sounding advertisement for home warranty companies in the search engine results, and then the likelihood that such a consumer will buy from a different home warranty company is high since those companies pay to be listed as ranked better on Defendants' website.

**C.   Defendants Falsely Advertise Home Warranties that Compete with Homesafethrough its Pay-to-Play Website that Masquerades as an Unbiased Review and Ranking Website**

26. Defendants deceptively promote their website www.consumeraffairs.com as an unbiased rating and ranking website where consumers can find the top-rated home warranty companies, but in reality, they place the companies that pay them the most at the top. The ranking and ratings are bogus.

27. Defendants' pay-to-play system is unlawful and deceptively misleading, and therefore constitutes unfair competition and falsely advertisement.

28. In other words, customers who visit Defendants' website only see companies at the top part of the ranking which have paid to be listed there.

## COUNT I
## Federal Trademark Infringement
## (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

29. Defendants' use of the Homesafe trademark in advertising and on their website is likely to confuse consumers because the search engine ads resulting from a search of Homesafe are generic and then consumers then get to a website that is promoting competing warranties.

30. By using the Homesafe trademark, Defendants infringe Homesafe's trademark rights. This creates a likelihood of confusion among consumers about the source and sponsorship of those products and services when Defendants' generic ads appear in search engine results.

31. Defendants' unlawful, unauthorized, and unlicensed use of Homesafe to advertise on their website on their pay-to-play website misrepresents Homesafe's participation in the website and gives consumers the initial false impression that they may be referred to Homesafe, all to Defendants' profit and Homesafe's detriment.

32. Defendants' use of the Homesafe trademark in interstate commerce violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and therefore constituting trademark infringement, false designation of origin and unfair competition.

33. Homesafe lacks a complete and adequate remedy at law and, will continue to suffer irreparable harm and injury to its goodwill and reputation if Defendants' activities are not enjoined.

34. Homesafe has been damaged and harmed by Defendants' activities to an extent that will be determined at trial.

## COUNT II
## False Advertising and Unfair Competition
## (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

35. Homesafe restates the allegations contained in the preceding paragraphs.

36. Defendants' use of their pay-to-play website masquerading as an unbiased review and ranking site violates various federal laws and unfairly competes with Homesafe. Defendants falsely claim and imply that it is just a simple review and rankings site.

37. Defendants then refer customers to the top-paying companies, which is another way Defendants mislead customers about their website not being a true review and rating service.

38. Defendants' advertising violates of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. While Defendants get cute by burying a small disclaimer at the bottom of their website, consumers aren't left with that impression—especially when the website and ads leading to the website are viewed in their entirety.

40. Indeed, the federal government has itself deemed this type of website unlawful. In 2023, Plaintiff learned that the FTC released a guide for marketers on avoiding violations for reviews featured online. In that guidance, the FTC states that "some comparison websites claim to give consumers unbiased, expert reviews of businesses and products. Behind the scenes, though, some of these websites are running pay-to-play operations, offering better ratings, reviews, and placement in exchange for a fee. Don't participate in this kind of ***deceptive* advertising**." *See* FTC Guidance, "Soliciting and Paying for Online Reviews: A Guide for Marketers" (Jan. 2022), available at https://www.ftc.gov/business-guidance/resources/soliciting-paying-online-reviews-guide-marketers  (emphasis added).

41. Homesafe set out to comply with the law as soon as it discovered it, but Defendants have no interest in that.

42. Defendants' acts are greatly and irreparably damaging Homesafe and will continue to damage Homesafe unless enjoined by this Court.

43. Defendants have been, and are likely to continue to be, unjustly enriched by their deliberate, willing and intentional infringing conduct.

44. As described above, Defendants' wrongful conduct constitutes an "exceptional case" under the Lanham Act.

## COUNT III
## BREACH OF CONTRACT

45. Homesafe restates the allegations in the preceding paragraphs.

46. Homesafe and Defendant Consumer Unified, LLC entered into Master Accreditation Agreement, along with Platform Orders and Referral Insertion Order (the "Agreements").

47. Homesafe terminated those agreements and related documents and notified Defendant Consumer Unified that it was in breach of those agreements, not which were cured.

48. Homesafe, up until it terminated and determined that the agreements were unlawful, performed under the Agreements.

49. Consumer Unified, however, breached the Agreements in the following respects.

50. In violation of Section 5 of the Agreements, it used fraudulent methods by falsely advertising to customers that it was providing a kosher ranking and review website when in reality the website promotes those who pay the most the best.

51. In violation of Section 9.2.4 of the Agreements, it used the Homesafe trademark on its website without Homesafe's permission.

52. In violation of Section 9.2.1 of the Agreements, it engaged in deceptive and misleading unfair advertising as set forth above.

53. As a result of these breaches, Defendant Consumer Unified has caused damages to Homesafe

## COUNT IV
## DECLARATORY RELIEF

54. Homesafe restates the allegations from the preceding paragraphs.

55. There is an existing controversy between the parties as to whether the Agreements are illegal or not.

56. Illegal contracts are not enforceable as confirmed by the federal government.

57. Defendant Consumer Unified claims that Homesafe owes money per the Agreements.

58. Homesafe claims the Agreements are illegal and, therefore, it does not need to pay the money.

59. Homesafe, therefore, asks this Court, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules, to declare that the Agreements are illegal and void.

## PRAYER FOR ALL COUNTS

WHEREFORE, Homesafe requests that judgment be entered in its favor and that:

A. This Court award all damages and other monetary relief available as a result of Defendants' wrongful conduct, breach of agreement, infringement and false advertising, such damages and monetary relief including, but not limited to, actual damages, contract damages, lost profits, Defendants' profits, treble damages, attorneys' fees, and all other monetary relief available under 15 U.S.C. § 1117, other federal and state laws and otherwise;

B. This Court enter injunctive relief ordering Defendants, and their successors, assigns, affiliates, employees, partners, and anyone acting in concert with them or at their behest or direction, to:

1) Cease all use and to never use the trademark HOMESAFE, and any other trademark, logo, designation, domain name or other source identifier that is confusingly similar thereto;

2) Refrain from doing any other act or thing likely to induce the belief that any of Defendant's business, services or commercial activities are in any way legitimately connected with or sponsored or approved or participated in by Homesafe;

3) Remove all metatags for any web site owned, operated or controlled by Defendants, or their affiliates, partners or employees, that incorporate the Homesafe tradmark, or any confusingly similar mark, term or phrase; and

4) Cease operating a pay-to-play review and ranking website.

C. This Court award Homesafe such other and further relief, including costs, as this Court deems just and equitable.

## JURY DEMAND

Homesafe hereby demands a jury trial on all issues so triable.

DATED October 25, 2023

By: s/ *Jeffrey H. Kass*
Jeffrey H. Kass, Colo. Bar #44305
1626 Wazee St., Suite 200
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email: JKass@dickinson-wright.com

*Attorneys for Homesafe, LLC*

4872-6083-8538 v1 [105444-27]